# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LOWES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-688 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| THE SUMMIT SCHOOL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Defendant The Summit School, Inc. ("Defendant")'s Motion to Dismiss Plaintiff Michael Lowes ("Plaintiff")'s First Amended Complaint. (Doc. 29). For the reasons that follow, Defendant's Motion will be GRANTED IN PART AND DENIED IN PART.

### A. BACKGROUND

As the parties are well aware of the factual and procedural events giving rise to the pending motion, the Court will recite only those facts that are material to the Court's ruling.

Plaintiff filed this lawsuit on May 26, 2017, asserting nine causes of action against Defendant. (Doc. 1). On September 25, 2017, Plaintiff voluntarily dismissed several counts in his original complaint, including two counts pursuant to the Family Medical Leave Act ("FMLA"). (Doc. 13). On October 10, 2017, Defendant filed a motion to dismiss the remaining counts, brought pursuant to the Americans with Disabilities Act ("ADA"), which this Court granted on December 7, 2017. (Doc. 25). That same day, Plaintiff filed his First Amended

Complaint, once again asserting three causes of action under the ADA and reasserting one cause of action under the FMLA.  (Doc. 26).

The allegations in Plaintiff's First Amended Complaint are nearly identical to the allegations in his original complaint.  The Court notes only three differences.  First, in the amended pleading, Plaintiff alleges that Gabe Varrenti, Matthew Beasly, and Russ Swanson—the individuals who allegedly made "harass[ing]" comments to him between September 9 and November 2, 2015—were "supervisors."  Second, Plaintiff provides additional information regarding the "sub-standard van" that he was required to drive following his return to work on November 17, 2015, and its impact on his health.  Specifically, Plaintiff alleges that the van had: (1) "broken power steering[, which] forced [him] to exert significant strain on his back, [and] caused severe pain;" (2) "broken reclining bucket seats[, which] forced [him] to remain in an awkward seating position throughout his shift, [and] caused severe pain;" and (3) "broken driver side armrest[, which] forced [him] to support the weight of his arm throughout his shift."  (Id. ¶¶ 36-38).  Third, Plaintiff adds new allegations that, while not entirely clear, seem to suggest that he notified Defendant that the "sub-standard van" caused him pain.  (See id. ¶ 39 (alleging that Defendant "knew that this specific van was sub-standard as described more fully in ¶¶ 35-38 of the Amended Complaint, and Lowes re-alerted them to this information."); id. ¶ 45 (after being assigned the "sub-standard van" on November 23, 2015, Plaintiff "sent another e-mail to The Summit School, which stated that he felt like he was being discriminated against because he was continually assigned to a sub-standard van, *which was known by Defendants to cause him significant pain*, while other vans that would not have caused Lowes pain, were available.") (emphasis added).

B.  **ANALYSIS**

   1.   Plaintiff's ADA Claims

Plaintiff brings three ADA claims against Defendant – a failure-to-accommodate claim, a retaliation claim, and a hostile work environment/constructive discharge claim.  With regard to the failure-to-accommodate claim, the Court notes that Plaintiff has shifted his theory of recovery.  In his original complaint, Plaintiff alleged that Defendant "failed to reasonably accommodate [his] disability when he was assigned to fire patrol, which required [him] to violate his light duty restrictions."  (Doc. 1 ¶ 50).  In his amended pleading, Plaintiff no longer claims that his assignment to fire patrol on November 3, 2015 violated the ADA.  Now, Plaintiff's failure-to-accommodate claim wholly arises out of Defendant's decision to assign him to a "sub-standard van" on November 17 and November 23, 2015.  (Doc. 26 ¶ 53).

The Court finds, based on the new allegations in the amended pleading, that Plaintiff has stated a viable failure-to-accommodate claim.  As noted above, Plaintiff alleges that he notified Defendant that driving the "sub-standard van" caused him "significant pain."  (Doc. 26 ¶ 39, 45, 55, 56, 58).  Upon receiving such notice, Defendant's obligation to engage with Plaintiff in the interactive process was triggered.  Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 313 (3d Cir. 1999) (an employer's duty to engage in the interactive process in good faith is triggered when the employer has received notice of the disability and a request for accommodation).  That process "requires the employer to take some initiative" to communicate with the employee and consider "potential reasonable accommodations that could overcome [the employee's] limitations."  Taylor, 184 F.3d at 315; 29 C.F.R. § 1630.2(0)(3).  According to Plaintiff, Defendant did not "take initiative to communicate with Plaintiff" and consider other "reasonable accommodations" but instead lied to Plaintiff about the availability of an alternative van and continued to assign

3

him to the "sub-standard van." (Doc. 26 ¶¶ 56-57). Based on these new allegations, which must be accepted as true at this stage, the Court finds that Plaintiff has stated a viable failure-to-accommodate claim and Defendant's motion to dismiss Count I will be denied.

The Court also will deny Defendant's motion to dismiss Plaintiff's ADA retaliation claim. In its December 7, 2017 Memorandum and Order, the Court held that Plaintiff's retaliation claim fails as a matter of law because he does not allege that he suffered any "adverse employment action." (Doc. 25 at 7-8). Specifically, the Court found, based on the allegations in the original complaint, that being assigned to a "sub-standard van" was a "trivial change" in the conditions of Plaintiff's employment and thus did not constitute an "adverse employment action." (Id. at 7). In his First Amended Complaint, however, Plaintiff provides additional details regarding the van and its negative impact on his health. Although still a close call, the Court finds that these additional allegations sufficiently demonstrate, at this early stage, that Plaintiff's assignment to the "sub-standard van" was not trivial but rather could be seen by a fact-finder, following discovery, as a significant change in the conditions of his employment. See Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778, 788 (3d Cir. 1998) (adverse employment action "does not require loss of money or benefits but rather may consist of changes in location, duties, perks, or other basic aspects of the job") (citation omitted); see also Langley v. Merck & Co., Inc., 2006 WL 1647015, *2 n. 3 (3d Cir. Jun. 15, 2006) ("whether an action constitutes an adverse employment action depends on the attendant circumstances," and courts have "indicated that moving a person's office to an undesirable location could, under certain circumstances, constitute an adverse employment action") (citations omitted). Furthermore, while Defendant argues that Plaintiff fails to allege facts showing a causal link between his protected activity and any adverse employment action, the Court finds the temporal proximity between his complaints

4

to management (November 5 and 20) and his assignment to the "sub-standard van" (November 17 and 23) sufficiently close to create at least a plausible nexus between these events. See Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997). For these reasons, Plaintiff's retaliation claim survives dismissal—albeit barely.

The Court, however, will dismiss Plaintiff's hostile work environment/constructive discharge claim. The Court notes that, once again, Plaintiff has shifted his theory of recovery with regard to this claim. Plaintiff originally alleged that "his "supervisors and co-workers intentionally discriminated against him, pervasively and severely by constantly harassed [sic] him about his light duty restrictions' scope and duration." (Doc. 1 ¶ 83). In his amended complaint, in contrast, Plaintiff's hostile work environment/constructive discharge claim is based solely on his assignment to the "sub-standard van," which he describes as "purposefully and maliciously causing [him] physical pain." (Doc. 26 ¶ 78). Even accepting all allegations in the amended complaint as true, and construing all facts in Plaintiff's favor, the Court simply cannot find that Defendant's decision to assign Plaintiff to a "sub-standard van" twice over his two-and-a-half year career with Defendant was so "severe or pervasive" that it created an objectively hostile or abusive work environment. See Greer v. Mondelez Glob., Inc., 590 F. App'x 170, 173 (3d Cir. 2014) ("The threshold for pervasiveness and regularity of discriminatory conduct is high. A hostile work environment is actionable . . . only if it is so severe and pervasive that it 'alters the conditions of the victim's employment' and creates an 'abusive working environment.'") (citation omitted). Accordingly, and given that Plaintiff has already once

amended his complaint, the Court will grant Defendant's Motion to Dismiss Count III of the First Amended Complaint, with prejudice.

2. Plaintiff's FMLA Claim

For the reasons set forth in this Court's Order granting Defendant's Motion for Rule 11 Sanctions, filed contemporaneously herewith, Plaintiff's FMLA claim asserted at Count IV has been stricken. Accordingly, Defendants' motion to dismiss Count IV is denied as moot.

## II. ORDER

For the reasons stated herein, Defendant's Motion to Dismiss hereby is GRANTED IN PART AND DENIED IN PART. Consistent with the foregoing, the Court hereby DISMISSES WITH PREJUDICE Count III of the First Amended Complaint. Given that the Court already struck Count IV, Defendant's Motion to Dismiss Count IV is DENIED AS MOOT. Finally, Defendant's Motion to Dismiss Counts I and II is DENIED.

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant is hereby ordered to respond to the remaining counts in the First Amended Complaint on or before February 2, 2018.

IT IS SO ORDERED.

January 19, 2018                                                       s/Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States District Judge

cc (via ECF email notification):

All counsel of record