# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LOWES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-688 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| THE SUMMIT SCHOOL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is a Motion for Rule 11 Sanctions filed by Defendant The Summit School, Inc. (Doc. 38). For the reasons that follow, Defendant's Motion will be GRANTED, and Count IV of the First Amended Complaint will be STRICKEN.

On May 26, 2017, Plaintiff filed a complaint asserting nine counts against Defendant, including two counts pursuant to the Family Medical Leave Act ("FMLA"). (See Doc. 1). According to Defendant, prior to filing its Motion to Dismiss, "counsel for Defendant sent documentation to Plaintiff's counsel from Plaintiff's employee file indicating the specific notice that was provided to Plaintiff regarding his FMLA leave." (Doc. 38 ¶ 3). Defendant claims that, based on these communications, counsel for Plaintiff voluntarily dismissed his FMLA counts without prejudice. (Doc. 38 ¶ 4). Defendant thereafter filed a Motion to Dismiss, which the Court granted on December 7, 2017. On that same day, Plaintiff filed a First Amended Complaint, which contained a renewed FMLA claim related to Defendant's alleged failure to inform him of his rights under the FMLA. (Doc. 26 ¶¶ 81-88).

1

Defendant argues that Plaintiff's renewed FMLA claim has no evidentiary support, and thus Rule 11 sanctions are warranted. Rule 11 requires counsel, when presenting a pleading, motion or other paper to the court, to perform a reasonable inquiry to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." See FED. R. CIV. P. 11; Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3rd Cir. 1986)) ("To comply with these requirements, counsel must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'").

The Court agrees with Defendant that Rule 11 sanctions are warranted. As an initial matter, the Court finds that, despite this being his second bite at the apple, Plaintiff's First Amended Complaint does not state a plausible FMLA claim against Defendant. Apart from his conclusory allegation in Count IV that Defendant "failed to inform [him] of his rights under the FMLA," (Doc. 26 ¶ 86), Plaintiff makes no factual allegation that Defendant failed to provide him with some required information or documentation regarding his entitlement to FMLA leave. To the contrary, Plaintiff specifically alleges in his amended pleading that his supervisor "instructed him to contact Human Resources about taking leave under the [FMLA]" and that he "contacted Human Resources and was granted FMLA leave." (Doc. 26 ¶¶ 8-9). Thus, Plaintiff concedes that, at least at some point, Defendant did notify him of his right to take FMLA leave and that he was permitted to take such leave.

Furthermore, Plaintiff concedes that defense counsel sent to Plaintiff's counsel documentation from Plaintiff's employee file demonstrating that Plaintiff was provided with written notice regarding his FMLA leave. (Doc. 42 ¶ 3). Plaintiff's response that he "does not

remember seeing these papers, that the handwriting on the mail receipt is not his, and that after looking through his papers, the notice was never found" does not in any way contradict Defendant's position that it sent these documents to Plaintiff's residence. (Id.). In determining whether Defendant has violated the FMLA's notice requirements, the relevant question is whether Defendant sent the requisite written notice, not whether Plaintiff recalls receiving and/or reviewing it. See 29 C.F.R. § 825.300(c)(1) (employers are required to provide written notice to employees of their rights and responsibilities in connection with eligibility determinations).

Because Plaintiff once again fails to state a claim for relief under the FMLA, and because there is no factual basis to support such a claim, the Court will grant Plaintiff's Motion for Rule 11 sanctions and strike Count IV from the First Amended Complaint.

## II. ORDER

For the reasons stated herein, Defendant's Motion for Sanctions is GRANTED, and Count IV of the First Amended Complaint is STRICKEN.

IT IS SO ORDERED.

January 19, 2018             s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All counsel of record